Gerald M. Murphy, State Bar No. 99994
Justin L. Allamano, State Bar No. 229764
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
Electronic Mail: gmurphy@luce.com

Attorneys for Plaintiff 9201 SAN LEANDRO, LLC,
a California limited liability company,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| 9201 SAN LEANDRO, LLC, a California limited liability company,<br><br>            Plaintiff,<br>    v.<br><br>PRECISION CASTPARTS CORP., an Oregon corporation; PCC FLOW TECHNOLOGIES HOLDINGS, INC., a Delaware corporation; SULZER PUMPS (US), INC., a Delaware corporation, GRUNDFOS CBS, INC., a Delaware corporation, and DOES 1 through 25 inclusive,<br><br>            Defendants. | Case No. C 07 4365 EDL<br><br>**DECLARATION OF JUSTIN L. ALLAMANO**<br><br>Complaint filed: August 23, 2007 |

I, Justin L. Allamano, declare as follows:

1. I am an attorney licensed to practice before the courts of the State of California, and an associate at the law firm of Luce, Forward, Hamilton & Scripps LLP, the attorneys of record for Plaintiff 9201 SAN LEANDRO, LLC, a California limited liability company, in this case.

2. The following matters are known to me of my own personal knowledge, except as to those matters stated on information and belief, and as to those matters, I am informed and believe that they are true. If called as a witness, I could and would competently testify

as follows.

3. Attached hereto are true and correct copies of Exhibits A and B, which were inadvertently not attached to the complaint as originally filed.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct, and that this Declaration is executed August **27**, 2007, in San Francisco, California.

_/s/ Justin L. Allamano_
Justin L. Allamano

301015249.1

**EXHIBIT A**

# Indemnification Agreement

# INDEMNIFICATION AGREEMENT

Paco Pumps, Inc. a Delaware Corporation ("Indemnitor") enters into this indemnification Agreement in order to induce and encourage Heller First Capital Corp. ("Lender") and Bay Area Employment Development Company ("BAEDC") and the United States Small Business Administration ("SBA") to provide loans to GP Holdings, LLC a California limited liability company ("Borrower")

For valuable consideration and with the intention to be bound legally, the undersigned parties agree as follows:

I. Definitions.

For the purposes of this Agreement, the following definitions apply:

A. The term "environment" incorporates by reference the definition of the term at 42 U.S.C. S 9601.

B. The term "release shall means any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment.

C. The term "contaminant" means any substance that is hazardous or detrimental to the environment and which is regulated by law, including, without limitation, any hazardous substance (as that term is defined at 42 U.S.C. S 9601), and petroleum (as that term is defined at 42 U.S.C. SS 6991).

D. The term "Agency" shall means any federal, state or local governmental agency with statutory or regulatory authority to enforce the laws regarding the release of any contaminant into the environment.

E. The term "Property" means 9201 San Leandro St, Oakland, CA now owned by

Indemnitor, and which is described in greater detail in the mortgages that will be given by Borrower to Lender, Bay Area Employment Development Company, and SBA in the event that the loans are made to finance borrower's purchase of the Property from Indemnitor.

F.  The term "ENSR Report" means a Report showing the results of a Environmental Assessment regarding the Property dated May 15, 1995 that has been prepared by ENSR Consulting & Engineering prior to this Agreement, a copy of which is attached hereto as Exhibit A.

II. Recitals

A.  Borrower desires to purchase the Property, and has submitted an application to Lender, Bay Area Employment Development Company, and SBA for loans which are to be secured by the Property.

B.  The ENSR Report indicates that there has been a release of a contaminant or contaminants into or on the Property and that remediation of such contaminants is or may be necessary under law.

C.  Lender, Bay Area Employment Development Company and SBA will not make a loan to Borrower unless they are provided with indemnification from indemnitor against losses they may sustain as the result of the release of any contaminant into or on the Property prior to the transfer of such Property to Borrower.

D.  Indemnitor desires to cooperate with and assist Borrower in its efforts to secure a loan from Lender, Bay Area Employment Development Company and SBA by agreeing to perform remediation of all contaminants released into or on the Property prior to the transfer of such Property to Borrower.

III.  Terms and Conditions

Page 2

A. <u>Indemnity From Remediation</u>.

(1) Indemnitor agrees, at its sole cost and expense, to cause to be performed such investigation, monitoring and/or remediation of all contaminants released into or on the Property as described in the ENSR Report.

(2) In the event that any contaminant, not identified in the ENSR Report, is found to have been released into or on the Property prior to the transfer of the Property to Borrower, Indemnitor further agrees, at its sole cost and expense, to cause to be performed such investigation, monitoring and/or remediation of all such contaminants as may be requested or directed by any Agency or that an owner or operator of the Property may be required to perform under law, now or at any time in the future.

(3) Indemnitor's obligations under paragraphs III.A.(1) and III.A.(2) shall continue until such time as any Agency exercising authority over the investigation, remediation and/or monitoring at the Property approves such actions and provides written notice that no further action will be required.

B. <u>Indemnity from Claims</u>. Indemnitor further agrees to indemnify, defend and hold harmless Borrower, Lender, Bay Area Employment Development Company and SBA, and any of their assigns and successors in interest, which may take title to the Property, from and against any liabilities, damages, fees, penalties or losses arising out of any demand, claim or suit by any Agency or any other party relating to any contaminants found to have been released into or on the Property prior to the transfer of the Property to Borrower.

C. <u>Manner of Performance</u>. Indemnitor shall perform its investigation, monitoring and/or remediation in a prompt manner and in compliance with all applicable laws and in a manner and at times which will not unreasonably interfere with Borrower's use of the Property.

D.   <u>Cooperation To Indemnitor</u>. Borrower, Lender, Bay Area Employment Development Company, SBA, and any of their assigns and successors in interest who may take title to the Property shall provide reasonable cooperation to Indemnitor (1) to allow Indemnitor to cause to be performed any investigation, monitoring and/or remediation pursuant to paragraphs III.A.(1) and III.A.(2) to allow Indemnitor to conduct its defense of any claim or suit referenced in paragraph III.B.(1).

E.   <u>Reporting Requirements</u>

(1)   Indemnitor shall promptly provide Lender, BAEDC, SBA and Borrower with copies of any written communications between Indemnitor and any Agency regarding the investigation, monitoring and/or remediation described in paragraphs III.A.(1) and III.A.(2), unless, at its sole option, Lender, BAEDC, SBA and/or Borrower agree to waive their right to obtain some or all of such communications.

(2)   Indemnitor shall promptly provide Borrower, Lender, BAEDC and SBA with a copy of (a) any written communication received from any Agency regarding any contaminants released into or on the Property for which Indemnitor may be responsible under paragraphs III.A. (1) or III.A. (2), and (b) any notice of any demand, claim or suit referenced in paragraph B(1) for which Indemnitor may be responsible.

(3)   Borrower, Lender and SBA, and any of their assigns and successors in interest who may take title to the Property, shall promptly provide indemnitor with a copy of (a) any written communication received from any Agency regarding any contaminants released into or on the Property for which Indemnitor may be responsible under paragraphs III.A. (1) or III.A. (2), and (b) any notice of any demand, claim or suit referenced in paragraph III.B.(1) for which Indemnitor may be responsible.

(4)   In the event that the Property has been transferred or assigned to a party other

than Borrower, Lender, BAEDC or SBA and that indemnitor has been notified in writing of this transfer or assignment, Indemnitor's obligations under paragraphs III.E.(1) and III.E.(2) also extend to such assignee or transferee.

F.     <u>Attorney Fees and Costs of Litigation.</u> Indemnitor agrees to pay all attorney fees and costs of litigation incurred by Borrower, Lender, BAEDC and/or SBA, and any of their assigns and successors in interest who may take title to the Property, in any case brought to enforce the terms of this Agreement in which judgment is entered against Indemnitor.

G.     <u>Notices</u>

All notices required under this agreement shall be made to the following:

(1) All notices to SBA shall be made to:

    District Counsel
    211 Main St, 4th floor
    San Francisco, CA 94105

(2) All notices to Lender shall be made to:
    Kathryn J. Sennott, Senior Loan Officer
    Heller First Capital Corp.
    650 California St, 23rd Fl, San Francisco, CA 94108

(3) All notices to Borrower shall be made to:
    Leonard M. Silvani, GP Holdings, LLC
    9201 San Leandro St, Oakland, CA 94603

(4) All notices to BAEDC shall be made to:
    James Baird
    Bay Area Employment Development Company
    1801 Oakland Blvd #300
    Walnut Creek, CA 94596

(5) All notices to Indemnitor shall be made to:
    Newflo Corporation (for Paco Pumps, Inc.)
    301 Camp Craft Road #100
    Westlake Hills, Austin, TX 78746
    Attn: John Lilla
    Phone 512-314-8500   FAX 512-314-8511

H. <u>Authority To Sign.</u>

By signing below, each individual represents and warrants that he or she has proper authority to execute this Agreement.

Indemnitor has attached as Exhibit "B" to this Agreement a valid, certified resolution confirming such authority.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the latest date set forth below.

Dated: 9/28/95

_[signature]_ On Behalf of and for PACO PUMPS, INC.
John Lilla, Vice President
Paco Pumps, Inc. a Delaware corporation

Dated: _____

_____
Kathryn J. Sennott
Heller First Capital Corp.

Dated: _____

_____
Richard Jones
U.S. SMALL BUSINESS ADMINISTRATION

Dated: 9-25-95

_[signature]_
Leonard M. Silvani
GP Holdings, LLC

Dated: 9/25/95

_[signature]_ Exec. Dir.
James Baird
Bay Area Employment Development Company

Page 6

Case 3:07-cv-04365-EDL   Document 3   Filed 08/27/2007   Page 11 of 14

**EXHIBIT B**

ALAMEDA COUNTY
# HEALTH CARE SERVICES
### AGENCY
DAVID J. KEARS, Agency Director



Certified Mail #: 70022030000695741860

August 15, 2007

ENVIRONMENTAL HEALTH SERVICES
ENVIRONMENTAL PROTECTION
1131 Harbor Bay Parkway, Suite 250
Alameda, CA 94502-6577
(510) 567-6700
FAX (510) 337-9335

## NOTICE OF RESPONSIBILITY

**Site Name & Address:**
PACO PUMPS INC
9201 SAN LEANDRO ST
Oakland, CA 94603

| | |
|---|---|
| Local ID: | RO0000320 |
| Related ID: | 4245 |
| RWQCB ID: | 01-1721 |
| Global ID: | T0600101592 |

**Responsible Party:**

HAROLD M. VIGNOLES
9201 SAN LEANDRO LLC & HAROLD M \
9201 SAN LEANDRO ST
OAKLAND CA 94603-1237

Date First Reported:  7/10/1992

Substance:   8006619 Gasoline-Automotive (motor gasoline and additives), leaded & unleaded

Funding for Oversight: LOPS - LOP State Fund

Multiple RPs?:  Yes

Pursuant to sections 25297.1 and 25297.15 of the Health and Safety Code, you are hereby notified that the above site has been placed in the Local Oversight Program and the individual(s) or entity(ies) shown above, or on the attached list, has (have) been identified as the party(ies) responsible for investigation and cleanup of the above site.  Section 25297.15 further requires the primary or active Responsible Party to notify all current record owners of fee title before the local agency considers cleanup or site closure proposals or issues a closure letter. For purposes of implementing section 25297.15, this agency has identified PACO PUMPS INC as the primary or active Responsible Party.  It is the responsibility of the primary or active Responsible Party to submit a letter to this agency, within 20 calendar days of receipt of this notice that identifies all current record owners of fee title. It is also the responsibility of the primary or active Responsible Party to certify to the local agency that the required notifications have been made at the time a cleanup or site closure proposal is made or before the local agency makes a determination that no further action is required.  If property ownership changes in the future, you must notify this local agency within 20 calendar days from when you are informed of the change.

Any action or inaction by this local agency associated with corrective action, including responsible party identification, is subject to petition to the State Water Resources Control Board.  Petitions must be filed within 30 days from the date of the action/inaction.  To obtain petition procedures, please FAX your request to the State Water Board at (916) 341-5808 or telephone (916) 341-5650.

Pursuant to section 25296.10(c)(6) of the Health and Safety Code, a responsible party may request the designation of an administering agency when required to conduct corrective action. Please contact this office for further information about the designation process.

Please contact your caseworker WICKHAM, JERRY, at this office at (510)567-6791 if you have questions regarding your site.

Date: 1/21/1

ARIU LEVI, Director
Contract Project Director

Action:  Add
Reason: Add RPs

Attachment A: Responsible Parties Data Sheet
cc: Jenniffer Jordan, SWRCB, D. Drogos, File

ALAMEDA COUNTY ENVIRONMENTAL HEALTH
LUFT LOCAL OVERSIGHT PROGRAM

ATTACHMENT A - RESPONSIBLE PARTIES DATA SHEET

August 15, 2007

Site Name & Address:
**PACO PUMPS INC**
**9201 SAN LEANDRO ST**
**Oakland, CA 94603**

Local ID:    RO0000320
Related ID:  4245
RWQCB ID:    01-1721
Global ID:   T0600101592

### All Responsible Parties

**RP has been named a Primary RP - JOHN LILLA**
**PACO PUMPS INC**
16801 GREENSPOINT PARK DR | HOUSTON, CA 77060 | Phone No Phone Number Listed

**RP has been named a RP - HAROLD M VIGNOLES**
**9201 SAN LEANDRO LLC & HAROLD M VIGNOLES**
9201 SAN LEANDRO ST | OAKLAND, CA 94603-1237 | Phone No Phone Number Listed

**RP has been named a RP - DALLAS NELSON**
**G P HOLDINGS LLC**
PO BOX 14046 | OAKLAND, CA 94614 | Phone (510) 635-8024

### Responsible Party Identification Background

Alameda County Environmental Health (ACEH) names a "Responsible Party," as defined under 23 C.C.R Sec. 2720. Section 2720 defines a responsible party 4 ways. An RP can be:
1. "Any person who owns or operates an underground storage tank used for the storage of any hazardous substance."
2. "In the case of any underground storage tank no longer in use, any person who owned or operated the underground storage tank immediately before the discontinuation of its use."
3. "Any owner of property where an unauthorized release of a hazardous substance from an underground storage tank has occurred."
4. "Any person who had or has control over an underground storage tank at the time of or following an unauthorized release of a hazardous substance."

ACEH has named the responsible parties for this site as detailed below.

ATTACHMENT A - RESPONSIBLE PARTIES DATA SHEET (Continued)

August 15, 2007

**Responsible Party Identification**

Existence of Unauthorized Release

An underground storage tank (UST) was identified on a 1954 Factory Insurance Association Map for the site. An attempt was made in 1992 to find the UST by excavating in the general location shown on the 1954 map. No tank was found but pipes, debris, and possible fill associated with the former UST were observed. Fuel hydrocarbons were detected in soil samples collected from the excavation. Five monitoring wells were installed at the site from 1992 to 1994. Fuel hydrocarbons (TPHg) and benzene, toluene, ethylbenzene, and xylenes (BTEX) were detected in groundwater samples collected from three of the five monitoring wells. The highest concentrations of TPHg and BTEX were detected in groundwater collected from monitoring well 9MW3, which is located adjacent to the location of the former UST. Based on the evidence of a former UST and soil and groundwater contamination in the area of the former UST, an unauthorized release has occurred.

Responsible Party Identification

PACO Pumps, Inc. was the business owner, tank owner, and property owner from approximately 1985 until 1995. PACO Pumps is the primary responsible party because unauthorized releases occurred during the time that PACO Pumps was the owner of property where an unauthorized release occurred (Definition 3) and PACO Pumps had control of the UST system at the time of or following unauthorized releases (Definition 4).

GP Holdings LLC purchased the property on or about October 23, 1995. GP Holdings LLC is a responsible party because they owned the property after an unauthoroized release occurred (Definition 3).

9201 San Leandro LLC purchased the property on or about April 19, 2000. 9201 San Leandro LLC is a responsible party because they are the current property owner (Definition 3).