Gerald M. Murphy, State Bar No. 99994
Justin L. Allamano, State Bar No. 229764
Andrew S. Azarmi, State Bar No. 241407
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
Electronic Mail: gmurphy@luce.com

Attorneys for Plaintiff 9201 SAN LEANDRO, LLC,
a California limited liability company,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| 9201 SAN LEANDRO, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PRECISION CASTPARTS CORP., an Oregon corporation; PCC FLOW TECHNOLOGIES HOLDINGS, INC., a Delaware corporation; SULZER PUMPS (US), INC., a Delaware corporation, GRUNDFOS CBS, INC., a Delaware corporation, and DOES 1 through 25 inclusive,<br><br>Defendants. | Case No. C 07 4365 EDL<br><br>**PLAINTIFF 9201 SAN LEANDRO, LLC'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**<br><br>Date: January 8, 2008<br>Time: 9 a.m.<br>Judge: Honorable Magistrate Judge Laporte |

# I.

# INTRODUCTION

Plaintiff 9201 San Leandro, LLC ("Plaintiff") oppose Defendants Precisions Castparts Corp. and PCC Flow Technologies Holdings, Inc.'s ("Defendants") motion to dismiss Plaintiff's Federal CERCLA claim (First claim for relief), California HSAA claim (Second claim for relief), and its common law Trespass claim (Fourth claim for relief). Defendants are the corporate successors in interest to the former owner of land situated in Alameda County. The former owner, Paco Pumps, Inc. ("Paco Pumps"), contaminated the land with a multitude of harmful substances, some petroleum based and some not. In 1995, Paco Pumps sold the contaminated land to Plaintiff's predecessor, Glass Pak Holdings, Inc. ("GP Holdings"). The sale of the contaminated property included an indemnity agreement. Now, the Alameda County Health Care Services Agency ("ACHCSA") has issued a Notice of Responsibility holding Defendants' predecessor as the primary party responsible for investigation and cleanup of the contaminated land. However, the ACHCSA also named Plaintiff as a responsible party. Plaintiff seeks indemnity under the Indemnity Agreement. Plaintiff also asserts various statutory and common law causes of action.

Defendants' motion to dismiss Plaintiff's Federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") claim and California Hazardous Substances Account Act ("HSAA") claim fail because the factual allegations contained in the pleadings are sufficient to state a claim for relief. In spite of Defendants' mischaracterizations of our pleadings, the Complaint does not limit its allegations to petroleum products or gasoline constituents. Rather, the Complaint alleges "Hazardous Substances, including without limitation, petroleum *and other waste products*." (Complaint ¶ 40, attached as Ex. A.) (emphasis added.) Moreover, the Complaint never restricts its definition of "Hazardous Substances" to include only petroleum waste products. Given the liberal Federal notice-pleading standard, this is certainly specific enough to give Defendants' notice of the claims against them. Further, investigation of the cleanup is just getting underway. Preliminary investigation indicates there may be several non-petroleum contaminants on the property, and these facts will properly developed through discovery. In sum, Defendants' technical and limiting approach to pleadings is simply not

appropriate under the liberal Federal pleading standards.

Defendants' motion to dismiss the trespass claim also fails. Under California law, a former owner can certainly be liable for contamination left behind on his former property under the doctrine of continuing trespass. Defendants' narrow and misleading characterization of California trespass law is simply wrong.

In short, the allegations contained in the pleading are sufficient and do not fail to state a claim for our alleged causes of action. Plaintiff made its position known to Defendant in meet and confer discussions. Notwithstanding this opposition, if the Court decides that the pleadings are insufficient, Plaintiff respectfully asks for leave to amend.

## II.

## FACTS

According to the ACHCSA Notice of Responsibility (attached as Ex. B), contamination was first reported on the property some time around 1992. Three years later in 1995, Defendants' predecessor, Paco Pumps, sold the property to Plaintiff's predecessor in interest, GP Holdings. The 1995 sale of the property included an Indemnity Agreement, in which Paco Pumps expressly indemnified GP Holdings for any and all costs related to remediation of the contamination on the property. (Indemnity Agreement attached as Ex. C). The Indemnity Agreement also indemnified GP Holdings (and any successors in interest), for any claims brought by any agency, relating to the contamination. In 2000, the property was sold to Plaintiff. All rights under the Indemnification Agreement were assigned to Plaintiff.

In August 2007, the ACHCSA issued the Notice of Responsibility, naming Paco Pumps as the primary responsible party but also naming Plaintiff as a responsible party. Plaintiff seek a declaratory order enforcing Plaintiff's rights under the indemnity agreement, as well as damages and attorneys fees for costs incurred in investigation and remediation of the contamination. Plaintiff has sued under the indemnity clause, as well as under various statutes and common law claims, including CERCLA, HSAA, nuisance, and trespass.

Plaintiff's allegations identifying the contaminants at issue are intentionally broad. The Complaint generally alleges that there is "contamination" on the property and that the

contaminants are "Hazardous Substances." (See Complaint ¶¶ 17, 20, 26.) Contrary to Defendants' apparent assertion, Plaintiff never limits the Hazardous Substances it alleges against Defendants to petroleum products or gasoline constituents. In fact, the closest the Complaint gets to ever defining "Hazardous Substances" is Paragraph 40 of the Complaint, which states: "Defendants . . . disposed of Hazardous Substances, including without limitation, petroleum *and other waste products*." (Complaint ¶ 40.) This unrestrictive and inclusive definition is used for practical reasons. Discovery has not yet begun, and investigation of the contamination is barely in its preliminary stage. Groundwater tests done at the property indicate that there are indeed non-petroleum based contaminants. However, Plaintiff has yet to identify all contaminants that may have been released onto the property. If Plaintiff were to limit its allegations to certain, specific non-petroleum based contaminants before discovery has even begun, Plaintiff might be limited in its ability to seek liability against Defendants for the full range of contaminants that have been released onto the property.

### III.

### ARGUMENT

**A.    Legal Standard for Motion to Dismiss Under Rule 12(b)(6)**

In considering a motion to dismiss, the Court must accept as true the allegations of the complaint in question and any reasonable inferences that may be drawn from them. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Additionally, the Court must construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).

**B.    Pleading Standards Under The Federal Rules of Civil Procedure Are Exceedingly Liberal**

Federal pleading requirements are extremely liberal, and the Federal Rules of Civil Procedure ("the Rules" or "FRCP") are designed specifically to minimize disputes over pleading technicalities. ). *See generally* Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 8-B [8:24] (Rutter Group 2007). The only facts that must be plead are those sufficient to raise a reasonable

expectation that subsequent discovery and investigation will reveal evidence of the factual allegations. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A plaintiff need not prove evidentiary facts or set forth a complete and convincing picture of the alleged wrongdoing: "A complaint is not required to allege all, *or any*, of the facts entailed by the claim." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (emphasis in original; internal quotes omitted). Further, a claim may be implied from the facts alleged; it is not always necessary to specify the precise nature of the claim asserted **as long as the facts alleged put defendant on notice thereof**. *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990). Moreover, the Rules contain a "powerful presumption against rejecting pleadings for failure to state claim." *Gilligan v. Jamco Develop. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (internal citations omitted); *see also Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). As the Ninth Circuit explained in *Gilligan*, in reviewing the sufficiency of a complaint, "'the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" 108 F.3d at 249 (quoting the United States Supreme Court opinion in *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), abrogated on other grounds by *Harlow v. Fitzgerald*, 475 U.S. 800, 807-08 (1982)).

C.  **Plaintiff's Federal CERCLA Claims and California HSAA Claims Are Sufficiently Specific to Give Defendants Notice of The Nature of The Claims Being Asserted Against Them**

Given the very liberal Federal pleading requirements, it is clear that Defendants' motion to dismiss Plaintiff's CERCLA and HSAA claims fails. Indeed Plaintiff's Complaint is, by federal standards, quite specific. As explained above, the Complaint alleges "contaminants" and "Hazardous Substances" in a general sense without any limiting or restrictive definition. (Complaint ¶¶ 17, 20, 26.) Furthermore, in Paragraph 40 of the Complaint, Plaintiff alleges that Defendants release of contaminants include ". . . Hazardous Substances, including without limitation, petroleum **and other waste products**." (Complaint ¶ 40.) (emphasis added).

Plaintiff is not required to allege specific non-petroleum contaminants under the Rules' liberal notice pleading requirements. It is enough that Plaintiff has generally alleged contaminants

C 07 4365 EDL
Opposition to Motion to Dismiss

as well as other non-petroleum waste products. Moreover, it would not be advantageous for Plaintiff to allege each specific non-petroleum contaminant when discovery has not yet commenced and investigation of the contaminants on the property has barely begun.

In sum, Plaintiff's allegations are sufficient. Even assuming that Defendants' interpretations of the petroleum exclusions are correct, the full extent of non-petroleum contaminants is something properly developed through investigation and discovery. And the evaluation as to whether Plaintiff will be able to offer enough evidence in support of its claim at trial is a decision properly left to summary judgment, not a 12(b)(6) motion to dismiss.

### D. Plaintiff's Trespass Claim Should Not Be Dismissed Because Plaintiff Has Properly Alleged A Continuing Trespass

Defendants' motion to dismiss Plaintiff's common law trespass claim is likewise without merit. A former owner may be held liable for contamination left behind on the property if the contamination is characterized as a "continuing trespass." *Mangini v. Aerojet General Corp. (Mangini I)*, 230 Cal. App. 3d 1125, 1141-42 (1991); *Newhall Land & Farming Co. v. Sup. Ct. (Mobil Oil Corp.)*, 19 Cal. App. 4th 334, 345-46 (1993). Contamination left behind by a former owner will be considered a continuing trespass if the contamination is reasonably "abatable." *Mangini v. Aerojet General Corp. (Mangini II)*, 12 Cal. 4th 1087, 1103 (1996). "'Abatable' means that the nuisance can be remedied at a reasonable cost by reasonable means." *Id.*

Here, Plaintiff has clearly alleged a cause of action for continuing trespass, because Defendants are successors in interest to a former owner (Paco Pumps) who left behind contamination on the property. *See Newhall Land & Farming Co.*, 19 Cal. App. 4th at 345-46. Furthermore, there is no indication that Defendants' contamination of the property is not reasonably abatable. Indeed, the ACHCSA Notice of Responsibility orders cleanup of the Property, indicating that the contamination is in fact reasonably abatable. (Ex. B.) Regardless, abatability is unquestionably a question of fact reserved for the factfinder. *See Mangini II*, 12 Cal. 4th at 1101. Thus, like Defendants' earlier arguments in support of its motion to dismiss, this is not an issue properly resolved by a 12(b)(6) motion to dismiss.

**E.    If The Court Grants Defendants' Motion To Dismiss Plaintiff Should Be Allowed Leave To Amend The Complaint**

In the event that the Court decides to grant Defendants' motion to dismiss, Plaintiff respectfully requests leave to amend the Complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its complaint once "as a matter of course" at any time before a responsive pleading has been filed. Fed. R. Civ. P. 15. According to the Ninth Circuit, a 12(b)(6) motion is not a responsive pleading. *See Doe v. U.S.*, 58 F.3d 494, 496-97 (9th Cir. 1995). In this case, Defendants have not filed an answer, and have not filed any other responsive pleading. Therefore, if the Court grants Defendants' motion to dismiss, Plaintiff should be allowed leave to amend the Complaint under Rule 15(a).

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiff asks the Court to deny Defendants' motion to dismiss. Nevertheless, if the court is inclined to grant Defendants' motion to dismiss in part or in its entirety, Plaintiff's respectfully ask for leave to amend the Complaint.

DATED: December 18, 2007        Respectfully submitted,

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____ (for)
GERALD M. MURPHY
Attorneys for Plaintiff 9201 SAN LEANDRO, LLC, a
California limited liability company

301025165.1