SCOTT J. KAPLAN (SB #143478)
sjkaplan@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR  97204
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for Defendants
PRECISION CASTPARTS CORP. AND PCC FLOW TECHNOLOGIES HOLDINGS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| 9201 SAN LEANDRO, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PRECISION CASTPARTS CORP., an Oregon corporation; PCC FLOW TECHNOLOGIES HOLDINGS, INC., a Delaware corporation; and DOES 1 THROUGH 25, inclusive,<br><br>Defendants. | Case No. C 07 4365 EDL<br><br>**DEFENDANTS PRECISION CASTPARTS CORP. AND PCC FLOW TECHNOLOGIES HOLDINGS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:       January 8, 2007<br>Time:       2 p.m.<br>Courtroom: E<br>Judge:      Elizabeth D. Laporte |

## I. INTRODUCTION

Defendants Precision Castparts Corp. and PCC Flow Technologies Holdings, Inc., for reply in support of their motion to dismiss, suggest only that:

- It is not asking too much to require a plaintiff filing suit under CERCLA to identify the allegedly hazardous substance, if any, that is the basis for its claim in order to focus the discovery and motion practice for further proceedings.
- Under the better reasoned California case law, an owner cannot cause a trespass onto its own property.

Defendants' motion should be granted.

## II. ARGUMENT

**A.   Plaintiff's Federal and State Superfund Claims Are Barred by the CERCLA Petroleum Exclusion**

Plaintiff concedes that defendants can have no liability for releases of petroleum products under CERCLA and the state Superfund statute, the Hazardous Substances Accountability Act ("HSAA"), because they exclude "petroleum, including crude oil or any fraction thereof" from the definition of a hazardous substance. 42 U.S.C. § 9601(14) (CERCLA petroleum exclusion); Cal. H & S Code § 25317 (HSAA petroleum exclusion). Plaintiff also concedes that the only hazardous substances actually identified in the complaint and, in particular, the "Notice of Responsibility" from Alameda County Health Care Services Agency attached as Exhibit B to the Complaint, are the kind of "fuel hydrocarbons" barred by the petroleum exclusion.

Nonetheless, plaintiff asserts that its pleading of petroleum and "other waste products" is sufficient to state a Superfund claim. Plaintiff argues that:

> Plaintiff is not required to allege specific non-petroleum contaminants under the Rules' liberal notice pleading requirements. It is enough that Plaintiff has generally alleged contaminants as well as other non-petroleum waste products. Moreover, it would not be advantageous for Plaintiff to allege specific non-petroleum contamination when discovery has not yet commenced and investigation of the contaminants on the property has barely begun.

However, plaintiff is putting the discovery cart before the pleading horse. *That there has been a release of a CERCLA hazardous substance into the environment is an element of a plaintiff's claim* under CERCLA section 107, 42 U.S.C. § 9607. The Ninth Circuit has held that the elements of a claim are:

> To state a claim under 42 U.S.C. § 9607(a), a plaintiff must allege that (1) the waste disposal site is a "facility" within the meaning of 42 U.S.C. § 9601(9); (2) *a "release" or "threatened release" of any "hazardous substance" from the facility has occurred*, id. § 9607(a)(4); and (3) such "release" or "threatened release" has caused the plaintiff to incur response costs that are "consistent with the national contingency plan," id. §§ 9607(a)(4) & (a)(4)(B).

*Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Cir. 1989).

By simply pleading a "waste product," plaintiff provides no reason to believe that there has been a release of a hazardous substance into the environment. There are numerous "waste

1  products"—anything from scrap paper to paint cans—that are not CERCLA hazardous

2  substances. *E.g.*, *B.F. Goodrich Co. v. Murtha*, 840 F. Supp. 180, 183-84, 186-87 (D. Conn.

3  1993) (waste newspapers, soiled paper towels, general office wastes not hazardous substances);

4  *Dana Corp. v. American Standard, Inc.*, 866 F. Supp. 1481, 1505-06 (N.D. Ind. 1994) (residential

5  paint waste and other municipal wastes not CERCLA hazardous substances).

6      If plaintiff cannot currently plead within the parameters of Rule 11 that there has been a

7  release of a CERCLA hazardous substance into the environment, its CERCLA claim must be

8  dismissed. If plaintiff can so plead, it should amend so that that the parties can focus their

9  discovery and expert analysis on (1) the cause and extent of such release and (2) the costs, if any,

10  incurred by plaintiff consistent with the National Contingency Plan ("NCP") related specifically

11  to that release. *See Ascon*, 866 F.2d at 1152 (costs must be consistent with NCP to be recoverable

12  under CERCLA).

13  **B.**   **Plaintiff's Trespass Claim Should Be Dismissed Because, Under the Better Reasoned Authority, an Owner Cannot Trespass onto Its Own Property**

14

15      Defendants moved to dismiss on the grounds that, as a matter of law, an alleged former

16  owner[1] cannot have trespassed onto its own property. Defendants cited *Capogeannis v. Superior*

17  *Court*, 12 Cal. App. 4th 668, 674, 15 Cal. Rptr. 2d 796 (1993), for the proposition that "one

18  cannot commit an actionable interference with one's own possessory right." In opposition to

19  defendants' motion, plaintiff identified a split in the intermediate California appellate authority,

20  finding one case—and only one case—to the contrary: *Newhall Land & Farming Co. v. Superior*

21  *Court*, 19 Cal. App. 4th 334, 23 Cal. Rptr. 2d 377 (1993). As shown below, *Capogeannis* is the

22  better reasoned case.

23      *Capogeannis*, from the California Court of Appeals, Sixth District, held that because the

24  contamination occurred during a time when the defendants owned the property in question—a

25  time when (subject to a lease) they held "all residual possessory rights in the land"—plaintiffs

26  could not state a trespass claim. 12 Cal. App. 4th at 674. As quoted above, the court's rationale

27      [1] Defendant Precision Castparts Corp., in reality, has no relation to the property in
28  question.

---

was that one cannot interfere with one's own possessory rights. *See Wilson v. Interlake Steel Co.*, 32 Cal. 3d 229, 233, 649 P.2d 922, 185 Cal. Rptr. 280 (1982) (quoting Restatement (Second) of Torts § 821D, cmt. D ("A trespass is an invasion of the interest in the exclusive possession of land, as by entry upon it.")); *accord* 5 Bernard E. Witkin, Summary of California Law, *Torts* § 693 (10th ed. 2005) (trespass is interfering with exclusive possession of another).

On the other hand, the Court of Appeals, Fifth Circuit, in *Newhall*, decided in the same years as *Capogeannis*, apparently felt compelled to reach the opposite conclusion by *Mangini v. Aerojet-General Corp.*, 230 Cal. App. 3d 1125, 281 Cal. Rptr. 827 (1991), a case decided two years earlier and so also available to the *Capogeannis* court. 19 Cal. App. 3d at 346. However, *Newhall* cited *Mangini*'s reliance on Restatement (Second) of Torts § 161 for the proposition that "'[a] trespass may be committed by the continued presence on the land of a structure, chattel, or other thing *which the actor has tortiously placed there*, whether or not the actor has the ability to remove it,'" without recognizing that the entry by the owner onto its own land would not be tortious. 19 Cal. App. 3d at 346 (emphasis added).

Moreover, *Mangini* involved a claim against a former lessor, whose rights in the property were more restricted than that of a prior owner. Indeed, the crux of the *Mangini* decision was that "the lease arguably did not give defendant unrestricted possession of the land. Whether the lease authorized the disposal of the hazardous wastes described in the complaint must be determined by extrinsic evidence." 230 Cal. App. 3d at 1141. Because the defendant's rights, unlike the right of a fee owner, were limited, the *Mangini* court held the following rule to be applicable:

> "[A] trespass may occur if the party, entering [land] pursuant to a limited consent, *i.e.*, limited as to purpose or place, proceeds to exceed those limits by divergent conduct on the land of another. 'A conditional or restricted consent to enter land creates a privilege to do so only in so far as the condition or restriction is complied with.' (Rest.2d Torts, § 168.)"

*Id.*[2]

---

[2] Plaintiff also cites to the state supreme court's decision in *Mangini v. Aerojet-General Corp.*, 12 Cal. 4th 1087, 912 P.2d 1220, 51 Cal. Rptr. 2d 272 (1996). However, the supreme court did not discuss the issue of the validity of a trespass claim against a prior owner. Instead, it (...continued)

1   *Capogeannis* is on point in a claim against a prior owner with unlimited rights to enter its own property and consistent with the general law of trespass that requires a tortious entry onto property. Consequently, defendants maintain that if squarely presented with the issue, the California Supreme Court would reach the result in *Capogeannis* rather than *Newhall*. Plaintiff's trespass claim should be dismissed.

### III. CONCLUSION

Defendants' motion should be granted.

DATED: December 20, 2007.        STOEL RIVES LLP

By: /s/ Scott J. Kaplan
SCOTT J. KAPLAN
Attorneys for Defendants
Precision Castparts Corp. and PCC Flow Technologies Holdings, Inc.

---

(...continued)
merely recited the court of appeals' holding and went on to discuss in detail the issue of a permanent versus continuing nuisance for the purpose of the statute of limitations.