1  Gerald M. Murphy, State Bar No. 99994
   Justin L. Allamano, State Bar No. 229764
2  Andrew S. Azarmi, State Bar No. 241407
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3  Rincon Center II, 121 Spear Street, Suite 200
   San Francisco, California 94105-1582
4  Telephone No.: 415.356.4600
   Fax No.: 415.356.4610
5  Electronic Mail: gmurphy@luce.com

6  Attorneys for Plaintiff
   9201 SAN LEANDRO, LLC
7
   Scott J. Kaplan, State Bar No. 143478
8  STOEL RIVES LLP
   900 SW Fifth Avenue, Suite 2600
9  Portland, Oregon 97204-1268
   Telephone No.: 503.224.3380
10 Fax No.: 503.220.2480
   Electronic Mail: sjkaplan@stoel.com
11
   Attorneys for Defendants
12 PRECISION CASTPARTS CORP. and
   PCC FLOW TECHNOLOGIES HOLDINGS, INC.
13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16            SAN FRANCISCO/OAKLAND DIVISION

17

18 9201 SAN LEANDRO, LLC, a California          Case No. C 07 4365 EDL
   limited liability company,
19                                              **JOINT CASE MANAGEMENT
20          Plaintiff,                          STATEMENT**

21      v.

22 PRECISION CASTPARTS CORP., an Oregon
   corporation; PCC FLOW TECHNOLOGIES
23 HOLDINGS, INC., a Delaware corporation;
   SULZER PUMPS (US), INC., a Delaware
24 corporation, GRUNDFOS CBS, INC., a
   Delaware corporation, and DOES 1 through 25
25 inclusive,

26          Defendants.

27

28

                                    1

1    Pursuant to the Court's Civil Local Rules ("Civ. L.R.") 16-7 and 16-8, the parties jointly

2  submit this Case Management Conference Statement and Proposed Order.

3  The parties make the following representations and recommendations:

4  1.    **Jurisdiction and Service:**

5    Jurisdiction exists under 28 U.S.C. § 1331 because of federal questions under the

6  CERCLA.  Plaintiff alleges that supplemental jurisdiction exists over its state law claims.  Venue

7  is proper in the Northern District of California because a substantial part of the events or

8  omissions giving rise to the claim occurred in the District.  All parties have been served and have

9  appeared.

10  2.    **Facts:**

11    Plaintiff alleges it is the owner of the property situated at 9201 San Leandro Street,

12  Oakland, California ("Property").  Defendant PCC Flow Technologies Holdings, Inc. ("PCC

13  Flow") is the successor to the former owner of the Property, Paco Pumps Inc. ("Paco Pumps").

14  Prior to and possibly during its ownership of the Property by Paco Pumps, the Property was

15  contaminated by releases of chemical substances, the nature of which are disputed.  In 1995, Paco

16  Pumps sold the contaminated land to Plaintiff's alleged predecessor, Glass Pak Holdings, Inc.

17  ("GP Holdings").  The sale of the contaminated property included an indemnity agreement under

18  which Paco Pumps expressly indemnified GP Holdings against damages or costs related to the

19  contamination and its remediation.  Plaintiff alleges that it has succeeded to GP Holdings' rights.

20  In the spring of 2007, the Alameda County Health Care Services Agency ("ACHCSA")

21  determined the contamination remains unremediated and issued a Notice of Responsibility

22  requiring Paco Pumps to investigate and, depending upon the result of the investigation,

23  potentially perform a cleanup at the Property.  However, ACHCSA also named Plaintiff as a

24  responsible party.  In addition to seeking indemnity under the Indemnity Agreement as an alleged

25  successor in interest to GP Holdings, Plaintiff also asserts various statutory and common law

26  causes of action, including under CERCLA.

27  / / / / /

28  / / / / /

JOINT CASE MANAGEMENT STATEMENT
Portlnd3-1609316.1 0062232-00223

**Legal Issues:**

The issues identified by the parties to date are the following. Their investigation and analysis is continuing.

A.      Whether Plaintiff is entitled to enforce the indemnity agreement;

B.      Whether or not the statute of limitation has run on the nuisance and trespass claims; *i.e.,* whether the nuisance and trespass is continuing or permanent;

C.      Whether the CERCLA and HSAA claims are barred in whole or in part by the petroleum exclusion under the statutes;

D.      Whether Plaintiff's CERLCA and HSAA are barred by the statute of limitations.

E.      Whether Defendant Precision Castparts Corporation, PCC Flow's indirect parent company, is a proper party to the case;

F.      Whether the contamination at issue constitutes a nuisance or trespass;

G.      Whether a successor to a former property owner can be held liable for a trespass that occurred during its ownership;

H.      Whether PCC Flow has satisfied its indemnity obligation.

3.      **Motions:**

Defendants anticipate filing a Motion for Summary Judgment. Defendants have already filed an FRCP 12(b)(6) motion to dismiss Plaintiff's CERCLA and trespass claims.

4.      **Amendment of Pleadings:**

None contemplated by Plaintiff.

5.      **Evidence Preservation:**

No issue contemplated, as the scope of relevant documents is narrow, and all relevant documents (electronic and hard copy) will be exchanged between the parties.

6.      **Disclosures:**

The parties agree that initial disclosures are due on March 1, 2008.

/ / / / /

/ / / / /

/ / / / /

3

7. **Discovery:**

The parties contemplate the following:  Two Rule 30(b)(6) corporate depositions; 8 individual or non party depositions each; 25 Interrogatories each; 35 Requests for Production of Documents each, and 25 of Request for Admissions each.

8. **Class Action:**

N/A

9. **Related Cases:**

N/A

10. **Relief:**

Plaintiff seeks a declaration of rights under the indemnity contract at issue; determination of cost of remediation; award of damages representing the cost of remediation; and reimbursement for out-of-pocket expenses incurred by Plaintiff related to compliance with ACHCSA's demands. Defendants anticipate filing counterclaims against Plaintiff for contribution.

11. **Settlement and ADR:**

The parties stipulate to mediation pursuant to Local ADR Rule 6.

12. **Consent to Magistrate Judge for All Purposes:**

The parties consent to Magistrate Judge Laporte.

13. **Other References:**

None.

14. **Narrowing of Issues:**

Issues are simple, and have been narrowed.

15. **Expedited Schedule:**

N/A

/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /

16. **Scheduling:**

The parties agree to the following:

Completion of non-expert discovery:  June 30, 2008

Expert reports due:  July 31, 2008

Rebuttal expert reports due:  August 31, 2008

Completion of expert discovery:  October 31, 2008

Last day to file dispositive motions:  December 1, 2008

Pretrial Conference:  March 1, 2009

Trial:  April 1, 2009

17. **Trial:**

Five-day estimate; jury requested.

18. **Disclosure of Non-Party Interested Entities or Persons:**

Pursuant to Local Rule 3-16, the parties certify that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.  There are no interested parties other than Plaintiff 9210 San Leandro Street, LLC and the named defendants.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

5

JOINT CASE MANAGEMENT STATEMENT
Portlnd3-1609316.1 0062232-00223

1    19.    **Such Other Matters as May Facilitate the Just, Speedy and Inexpensive Disposition of**

2    **This Matter:**

3        N/A.

4

5    DATED: December 20, 2007        Respectfully submitted,

6                                    LUCE, FORWARD, HAMILTON & SCRIPPS LLP

7

8                                    By: _____ (for)

9                                    GERALD M. MURPHY
                                     Attorneys for Plaintiff 9201 SAN LEANDRO, LLC

10   DATED: December 20, 2007        Respectfully submitted,

11                                   STOEL RIVES LLP

12

13

14                                   By: _____

15                                   SCOTT J. KAPLAN
                                     Attorneys for Defendants PRECISION CASTPARTS
16                                   CORP. and PCC FLOW TECHNOLOGIES
                                     HOLDINGS, INC.

17

18

19

20

21

22

23

24

25

26

27

28

6

## CASE MANAGEMENT ORDER

The court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to this conference. The court adopts this statement as modified and enters of this court pursuant to Civ. L.R. 16-8(b).

The foregoing joint statement as amended is adopted by this court as the Case Management Order in this action in accordance with Civ. L.R. 16 and other applicable Local Rules, and shall govern all further proceedings in this action.

IT IS SO ORDERED.

DATED:_____

_____
United States Magistrate Judge

JOINT CASE MANAGEMENT STATEMENT
Portlnd3-1609316.1 0062232-00223