SCOTT J. KAPLAN (SB #143478)
sjkaplan@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Attorneys for Defendants
Precision Castparts Corp. and PCC Flow
Technologies Holdings, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| 9201 SAN LEANDRO, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PRECISION CASTPARTS CORP., an Oregon corporation; PCC FLOW TECHNOLOGIES HOLDINGS, INC., a Delaware corporation; and DOES 1 THROUGH 25, inclusive,<br><br>Defendants. | Case No. C 07 4365 EDL<br><br>**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

For their answer to plaintiff's Second Amended Complaint, defendants Precision Castparts Corp. ("Precision") and PCC Flow Technologies Holdings, Inc. ("PCC") state as follows:

**NATURE OF THE ACTION**

1. Plaintiff's statement of the "Nature of the Action" consists primarily of statements of law to which no response is required. To the extent plaintiff's "Nature of the Action" asserts allegations of fact, defendants deny the same.

**JURISDICTION AND VENUE**

2. Defendants admit that, as currently pled, jurisdiction exists pursuant to section 113(b) of the Comprehensive Environmental Response, Compensation, and Liability Act

("CERCLA"), 42 U.S.C. § 9613(b), and that there is federal-question jurisdiction under 28 U.S.C. § 1331. Defendants further admit that venue is proper in this Court. Defendants deny the remaining allegations in paragraph 1.

## INTRADISTRICT ASSIGNMENT

3.  Defendants admit the allegations in paragraph 2.

## THE PROPERTY AT ISSUE

4.  Defendants lack sufficient knowledge or information to admit or deny whether plaintiff owns property located at 9201 San Leandro Street, City of Oakland (the "Property"). Defendants deny the remaining allegations in paragraph 3.

## THE PARTIES

5.  Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 4.

6.  Defendants admit that defendant PCC is a corporation organized and existing in good standing in the state of Delaware and authorized to do business in California. Defendants deny the remaining allegations in paragraph 5.

7.  Defendants admit that Precision is an Oregon corporation organized and existing in the state of Oregon, authorized to do business in California. Defendants deny the remaining allegations in paragraph 6.

8.  Defendants deny the allegations in paragraphs 7 and 8 to the extent they relate to the captioned defendants. Defendants lack sufficient knowledge or information to admit or deny the additional allegations in paragraphs 7 and 8.

9.  Defendants admit the allegations in paragraph 9.

## GENERAL ALLEGATIONS

10. Defendants deny that "at all times mentioned herein, Paco Pumps was a subsidiary of PCC or that PCC was the controlling shareholder of Paco Pumps." Defendants admit the remaining allegations in paragraph 10.

/ / / / /

/ / / / /

11. Defendants lack sufficient knowledge or information to admit or deny whether plaintiff is a predecessor in interest to GP Holdings. Defendants admit the remaining allegations in paragraph 11.

12. Defendants admit the allegations in paragraph 12.

13. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 13.

14. Defendants deny they "partially performed remediation work" continuing until 2002. Defendants admit the remaining allegations in paragraph 14.

15. Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 15, except that, to the best of defendants' knowledge, information and belief, defendants deny that "significant contamination" remains on the Property.

16. The allegations in paragraph 16 state a legal conclusion to which no response is required.

17. Defendants deny that they received the notice alleged in paragraph 18 from Alameda County Health Care Services advising them as alleged. Defendants admit the remaining allegations in paragraph 18.

## FIRST CLAIM FOR RELIEF

18. In answer to paragraph 19, plaintiffs reallege and reincorporate their answers to paragraphs 1 through 19, 20 and 21.

19. In answer to paragraphs 20 and 21, defendants admit that plaintiff has quoted portions of CERCLA.

20. Defendants deny the allegations in paragraph 22.

21. In answer to paragraph 23, defendants admit that in the past there have been detections of CERCLA hazardous substances at the Property. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 23. In particular, defendants have no knowledge or information that there are currently CERCLA hazardous substances present in the environment on the Property.

22. In response to paragraph 24, defendants deny that 1, 1-DCA has been detected in the groundwater since 1995. Defendants lack sufficient knowledge or information to admit or deny earlier dates. Defendants admit that 1, 2-DCA and PCBs are CERCLA hazardous substances. Defendants admit that plaintiff accurately characterizes the August 2007 letter from Alameda County Health Care Services. Defendants lack sufficient knowledge or information about whether such hazardous substances are currently present at the Property and cannot admit or deny the same. Defendants' investigation is continuing.

23. Defendants deny the allegations in paragraphs 25.

24. In response to the first sentence in paragraph 26, defendants admit plaintiff has made various demands. Defendants deny that such demands were timely made and that such demands relate to an actual or threatened release of a CERCLA hazardous substance at the Property. In answer to the second sentence in paragraph 26, because there is no evidence of a current release of a CERCLA hazardous substance at the Property, there is nothing for defendants to "assess, characterize or remove." Defendants deny the third sentence in paragraph 26.

25. Defendants deny the allegations in paragraph 27.

## SECOND CLAIM FOR RELIEF

26. In answer to paragraph 28, defendants reallege and reincorporate their answers to paragraphs 1 through 27.

27. Defendants deny the allegations in paragraphs 29 through 32.

28. In answer to paragraph 33, defendants admit that in the past there have been detections of CERCLA hazardous substances at the Property. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 33. In particular, defendants have no knowledge or information that there are currently CERCLA hazardous substances present in the environment on the Property.

29. Defendants deny the allegations in paragraphs 34 through 36.

## THIRD CLAIM FOR RELIEF

30. In answer to paragraph 37, defendants reallege and reincorporate their answers to paragraphs 1 through 36.

31.    Defendants deny the allegations in paragraphs 38 through 43.

## FOURTH CLAIM FOR RELIEF

32.    In answer to paragraph 44, defendants reallege and reincorporate their answers to paragraphs 1 through 43.

33.    Defendants deny the allegations in paragraphs 45 through 49.

## FIFTH CLAIM FOR RELIEF

34.    In answer to paragraph 50, defendants reallege and reincorporate their answers to paragraphs 1 through 49.

35.    Defendants deny the allegations in the first sentence of paragraph 51. Defendants lack sufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 51.

36.    Defendants deny the allegations in paragraphs 52 through 55.

## SIXTH CLAIM FOR RELIEF

37.    In answer to paragraph 56, defendants reallege and reincorporate their answers to paragraphs 1 through 55.

38.    Defendants deny the allegations in paragraphs 57 through 60.

## SEVENTH CLAIM FOR RELIEF

39.    In answer to paragraph 61, defendants reallege and reincorporate their answers to paragraphs 1 through 60.

40.    In answer to paragraph 62, defendants admit that such a controversy exists. Defendants deny that they had any liability to plaintiff and that the amount in controversy exceeds the jurisdictional minimum of this Court.

41.    Paragraph 63 merely states plaintiff's contentions. To the extent a response is required, defendants deny the same.

42.    In response to paragraph 64, Precision denies that it alleges it acquired Paco Pumps free and clear of any liability under the Indemnification Agreement. PCC denies that it alleges it had no control of the management and operations of Paco Pumps after it merged with

Paco Pumps. PCC denies that it alleges it did not merge with Paco Pumps. Defendants admit the remaining allegations in paragraph 64.

43. Paragraph 65 merely states plaintiff's contentions. To the extent a response is required, defendants deny the same.

44. Defendants deny the allegations in paragraphs 66 through 69.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

45. Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Act or Omission of Plaintiff)**

46. Any release or threatened release of a hazardous or toxic substance as alleged by plaintiff is or was solely caused by an act or omission of plaintiff or third parties other than an employee or agent of the captioned defendants or other than one whose act or omission occurred in connection with a direct or indirect contractual relationship with the captioned defendants.

### THIRD AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

47. Plaintiff's claims are barred by the applicable statutes of limitations, including but not limited to CERCLA section 113(g), Health and Safety Code section 25360.4 and Code of Civil Procedure section 338(b).

### FOURTH AFFIRMATIVE DEFENSE

**(Not Owners or Operators)**

48. Plaintiff is barred from relief against defendants because defendants were not owners or operators of any facility during the time of the disposal of hazardous substances.

### FIFTH AFFIRMATIVE DEFENSE

**(Contributory Liability)**

49. Plaintiff is barred from relief because, by their own acts or omissions, plaintiff has proximately caused the conditions alleged in the Complaint.

1 **SIXTH AFFIRMATIVE DEFENSE**

2 **(Estoppel and Waiver)**

3   50.   The claims set forth in the Complaint are barred by the doctrines of estoppel and
4 waiver.

5 **SEVENTH AFFIRMATIVE DEFENSE**

6 **(Contributory and Comparative Fault)**

7   51.   The claims set forth in the Complaint against defendants are barred in whole or in
8 part by the contributory and comparative fault of plaintiff.

9 **EIGHTH AFFIRMATIVE DEFENSE**

10 **(Lack of Control)**

11   52.   At no time did defendants exercise control over any person or entity responsible
12 for the actual threatened release of hazardous substances alleged in the Complaint.

13 **NINTH AFFIRMATIVE DEFENSE**

14 **(Apportionment of Liability)**

15   53.   In the event that defendants are held responsible for any of the costs and damages
16 alleged in the Complaint, and the affirmative relief is granted against defendants, then defendants'
17 liability should be apportioned to their respective individual contributions to the alleged harm or
18 endangerment causing the response costs to be incurred, taking into account the contribution of
19 plaintiff and all persons other than the captioned defendants whose wastes or hazardous wastes
20 otherwise contributed to the alleged harm or endangerment from a release or threatened release at
21 the Property.

22 **TENTH AFFIRMATIVE DEFENSE**

23 **(Failure to Mitigate)**

24   54.   Plaintiff is wholly or in part barred from recovery because of its failure to mitigate
25 such costs.

26 / / / / /

27 / / / / /

28 / / / / /

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

55. Plaintiff's claims are barred by the equitable doctrine of unclean hands, waiver and estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

56. Plaintiff's claims are barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Innocent Landowner)

57. PCC is not liable because it was an innocent landowner as set forth under CERCLA. The alleged acts or omissions of which plaintiff complains were acts or omissions of a third party other than an employee or agent of defendants, or than one whose act or omission occurred in connection with a contractual relationship, existing directly or indirectly with defendants. Defendants at all relevant times exercised due care with respect to the hazardous substances concerned, taking into consideration the characteristics of such hazardous substances, in light of all relevant facts and circumstances. Defendants further took precautions against foreseeable acts or omissions of any such third party and the consequences that could be a foreseeable result from such acts or omissions.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Offset)

58. Plaintiff's recovery, if any, against defendants must be offset by an amount reflecting an allocation of response costs, attorneys' fees, expenses, costs and other appropriate amounts to plaintiff. Any recovery by plaintiff must also be offset by defendants' right to indemnity and contribution and by any other amounts appropriate for setoff.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Standard of Industry)

59. With respect to the Property, any hazardous substances, if any, allegedly used, handled, stored in or transported to the Property, defendants at all times acted with due care,

complied with all statutory and regulatory requirements concerning hazardous substances applicable at the time, acted in accordance with industry standards based on the state of knowledge existing at the time alleged in the Complaint and otherwise conducted themselves as reasonable persons under the circumstances.  Accordingly, plaintiff is barred from any recovery against the responding parties in this action.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Failure to Comply with National Contingency Plan;
No Proper CERCLA Response Costs)**

60. Plaintiff's alleged costs have not been incurred as response costs as defined in 42 U.S.C. § 9601.  Plaintiff's alleged response costs are neither reasonable nor necessary. Plaintiff's claims are therefore barred.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Passive Liability)**

61. If defendants are held liable, such liability would be passive, imputed or secondary, while persons other than the captioned defendants, whether individual, corporate or otherwise, including plaintiff, would be actively and primarily liable for the alleged damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Act of God)**

62. To the extent the alleged damages claimed by plaintiff, if there were in fact any such damages, were caused by an act of God, plaintiff is barred from any recovery.

### NINETEENTH AFFIRMATIVE DEFENSE

**(No Liability for Future Costs Under CERCLA)**

63. Plaintiff cannot recover from defendants costs not yet incurred, if any, under 42 U.S.C. § 9607(a).  Plaintiff's claims for relief under CERCLA must therefore be denied to the extent they include requests for future costs, if any.

/ / / / /

/ / / / /

/ / / / /

## TWENTIETH AFFIRMATIVE DEFENSE

### (Plaintiff Is a Responsible Party)

64. Plaintiff is not entitled to the relief it seeks in the Complaint, because it is responsible and/or otherwise liable for the acts and omissions alleged in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Joint and Several Liability)

65. Joint and several liability cannot be imposed on defendants, because the harm they caused, if any, was distinct from the harm caused by plaintiff or other persons.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Divisibility of Harm)

66. Joint and several liability cannot be imposed on defendants, because their contribution to the alleged contamination at the Property, if any, is divisible from that of other persons.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Plaintiff' Failure to Perform/Failure of Condition)

67. To the extent plaintiff has rights under the Indemnification Agreement, plaintiff, by reason of its own acts and conduct in and about the matters that are the subject of the Complaint, has failed and refused to perform various covenants and conditions legally required of it in the Indemnification Agreement, including but not limited to providing the "prompt notice" required by section III.E.(3) of the Indemnification Agreement, and is thereby barred from seeking or securing any relief against defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Cooperate)

68. Plaintiff, to the extent it has rights under the Indemnification Agreement, also has the obligation to cooperate with PCC, including but not limited to by its failures to (a) agree to institutional controls to allow closure at the Property in 2001 and/or 2002 and (b) timely notify PCC of the matters for which it seeks indemnity.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Breach of Duty of Good Faith and Fair Dealing)

69. Plaintiff, to the extent it has rights under the Indemnification Agreement, also has an implied duty of good faith and fair dealing. Plaintiff has breached its duty of good faith and fair dealing, including but not limited to by failing to agree to institutional controls to allow closure at the Property.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Applicable Duty of Care)

70. Defendants owed no duty of care to plaintiff.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

71. Plaintiff or others had knowledge of the risks alleged in the Complaint, and if plaintiff has suffered injuries or is entitled to any damages as alleged in the Complaint, which is expressly denied, said injuries and damages arose from and were caused by said risks knowingly and voluntarily assumed by plaintiff or others.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Cause in Fact)

72. Plaintiff cannot prove any facts showing that the conduct of defendants was the cause in fact of any threatened or actual damages or other harm to plaintiff as alleged in the Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Right to Injunctive Relief)

73. Plaintiff is not entitled to injunctive relief, because it has failed to state facts sufficient to show continuing acts, the threat of irreparable harm or a reasonable likelihood of repetition of the alleged conduct if it were, in fact, established to be wrongful.

/ / / / /

/ / / / /

/ / / / /

### THIRTIETH AFFIRMATIVE DEFENSE

### (Lack of Standing)

74. Plaintiff's claims are barred to the extent plaintiff lacks standing to support its causes of action.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Basis Alleged for Attorneys' Fees)

75. Plaintiff has not alleged an adequate basis for the recovery of attorneys' fees from defendants and is not entitled to such recovery, nor is such recovery authorized by law.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Capacity)

76. Plaintiff's claims are barred to the extent plaintiff lacks the capacity and standing to assert the claims.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Insufficient Interest)

77. Plaintiff's claims are barred to the extent plaintiff has insufficient interest in the Property alleged herein to bring this action.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (42 U.S.C. § 9607(b))

78. Defendants assert all defenses in 42 U.S.C. § 9607(b). These defenses relieve defendants from liability for all causes of action under 42 U.S.C. § 9607(a) and California Health and Safety Code section 25358.3.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Defenses Under HSAA)

79. Defendants rely on and assert all of the defenses available to them under the California Hazardous Substances Account Act, California Health & Safety Code section 25300, *et seq.* ("HSAA").

/ / / / /

/ / / / /

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (All Defenses Under CERCLA)

80.     Defendants raise and rely on all defenses to plaintiff's claims available under CERCLA.

## COUNTERCLAIMS

1.     These Counterclaims are asserted in the event defendants are found to have any liability at the Property and as a result of plaintiff's breaches of the Indemnification Agreement (if it is a party to the agreement), and are for cost recovery, breach of contract and declaratory judgment against plaintiff, an alleged owner or operator of property contaminated by hazardous or toxic substances.

## JURISDICTION

2.     These Counterclaims arise under Federal Rule of Civil Procedure 13 and CERCLA, 42 U.S.C. § 9601, *et seq*.  This Court has jurisdiction over these claims pursuant to sections 9607(a), 9613 and 9613(b) of CERCLA and pursuant to federal-question jurisdiction, 28 U.S.C. § 1331.

3.     Plaintiff also asserts claims under California statutes and common law it alleges arise out of a common nucleus of operative facts and alleges this Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.  If such jurisdiction exists, the Court also has jurisdiction over defendants' state law Counterclaims.

4.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b) because this is the district where the release of hazardous substances allegedly occurred and the claims asserted arose.

## FIRST COUNTERCLAIM

### (CERCLA Cost Recovery and Contribution)

5.     Defendants incorporate paragraphs 1 through 4 of the Counterclaims as if set forth herein.

6.     Plaintiff is the current owner and operator, as defined by section 101(20)(a) of CERCLA, 42 U.S.C. § 9601(20)(a), of an industrial property located at 9201 San Leandro Drive,

Oakland, California (the "Property"), which, if the releases plaintiff alleges have occurred, is defined as a "Facility" under section 9606(9) of CERCLA.

7. Plaintiff is a "person" as defined by section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

8. If defendants are liable under CERCLA as alleged by plaintiff, defendants are entitled to cost recovery from plaintiff pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a), as provided by *U.S. v. Atlantic Research*, 551 U.S. ___, 127 S. Ct. 2331 (2007), and to contribution from plaintiff pursuant to section 113(f) of CERCLA, 42 U.S.C. § 9613(f), in amounts according to proof.

## SECOND COUNTERCLAIM

### (Liability Under Section 25363(e) of HSAA)

9. Defendants incorporate paragraphs 1 through 8 of the Counterclaims as if set forth herein.

10. Defendants, if they have any liability under HSAA, are accorded the right under sections 25300 through 25395 of HSAA to seek contribution or indemnity from anyone who is liable.

11. Plaintiff, as the current owner and operator of the Property, at which plaintiff alleges there has been a release of hazardous substances, is therefore liable for cost recovery or contribution to defendants under section 25363(e) of HSAA for costs of removal and remediation in amounts according to proof.

## THIRD COUNTERCLAIM

### (Contribution)

12. Defendants incorporate paragraphs 1 through 11 of the Counterclaims as if set forth herein.

13. Plaintiff had a duty to use due and reasonable care under the circumstances with regard to the alleged presence of hazardous or toxic substances in the environment at the Property. Plaintiff failed to take due and reasonable care, including but not limited to by

1    unreasonably refusing to agree to institutional controls in 2001 and/or 2002, delaying closure
2    activities.
3        14.    If defendants have any liability pursuant to plaintiff's common-law claims, they
4    are entitled to contribution from plaintiff in an amount according to proof under principles of
5    comparative and contributory fault.

**FOURTH COUNTERCLAIM**

**(Breach of Contract)**

8        15.    Defendants incorporate paragraphs 1 through 14 of the Counterclaims as if set
9    forth herein.
10       16.    To the extent plaintiff may have rights under the Indemnification Agreement that
11   is the subject of plaintiff's Complaint, plaintiff also has obligations thereunder, including but not
12   limited to the duty to cooperate with PCC in the performance of any indemnification obligation
13   PCC may have and including but not limited to the requirement in section III.E.(3) of the
14   Indemnification Agreement to

> promptly provide indemnitor with a copy of (a) any written communication received from any Agency regarding any contaminants released into or on the Property for which indemnitor [PCC] may be responsible under paragraphs III.A.(1) or II.A.(2), and (b) any notice of any demand, claim or suit referenced in paragraph III.B.(1) for which the Indemnitor may be responsible.

19       17.    PCC is the successor to Paco Pumps' rights and obligations under the
20   Indemnification Agreement.
21       18.    PCC has duly performed all conditions and covenants required of its under the
22   Indemnification Agreement.
23       19.    Plaintiff breached the Indemnification Agreement by, without limitation, failing to
24   (a) cooperate with PCC's performance of its indemnification obligations by allowing institutional
25   controls to permit closure at the Property, (b) provide prompt notice to PCC as required by
26   section III.E.(3) of the Indemnification Agreement.
27   / / / / /
28   / / / / /

1   20.     As a direct and proximate result of said breaches of contract by plaintiff, defendants have been damaged in an amount to be proven at trial and for the recovery of their attorneys' fees herein pursuant to the Indemnification Agreement.

## FIFTH COUNTERCLAIM

### (Declaratory Relief)

21.     Defendants incorporate paragraphs 1 through 20 of the Counterclaims as if set forth herein.

22.     An actual controversy exists between defendants and plaintiff about whether PCC has satisfied its indemnification obligations, if any, under the Indemnity Agreement and as to whether plaintiff has any rights under the Indemnification Agreement.

23.     Pursuant to 28 U.S.C. § 2201, defendants request a judicial declaration that (a) PCC's indemnity obligations under the Indemnification Agreement were satisfied in 2001 and/or 2002 when plaintiff could have obtained closure of the Property with institutional controls and failed to do so, and (b) that plaintiff has no rights under the Indemnification Agreement because of the failure to promptly provide notice to PCC under section III.E.(3) of the Indemnification Agreement.

24.     Pursuant to the Indemnification Agreement, PCC is entitled to the recovery of its attorneys' fees and costs.

WHEREFORE, defendants pray for relief as follows:

A.     That plaintiff take nothing by its claims;

B.     For defendants' attorneys' fees pursuant to the Indemnification Agreement;

C.     In the event defendants have any liability under CERCLA and/or HSAA, for cost recovery or contribution from plaintiff pursuant to CERCLA and HSAA in an amount according to proof;

D.     In the event defendants have any liability under the common law, for contribution from plaintiff in an amount according to proof;

E.     For damages in an amount according to proof;

F.  For a declaration that (1) PCC's indemnity obligations under the Indemnification Agreement were satisfied in 2001 and/or 2002 when plaintiff could have obtained closure of the Property with institutional controls and failed to do so, and (2) plaintiff has no rights under the Indemnification Agreement because of the failure to promptly provide notice to PCC under section III.E.(3) of the Indemnification Agreement;

G.  For defendants' costs and disbursements herein; and

H.  For such other and further relief the Court deems just and proper.

DATED: February 6, 2008.

STOEL RIVES LLP

By: /s/ Scott J. Kaplan
SCOTT J. KAPLAN
Attorneys for Defendants
Precision Castparts Corp. and PCC Flow Technologies Holdings, Inc.