Gerald M. Murphy, State Bar No. 99994
Justin L. Allamano, State Bar No. 229764
Andrew S. Azarmi, State Bar No. 241407
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
Electronic Mail:  gmurphy@luce.com

Attorneys for Plaintiff
9201 SAN LEANDRO, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| 9201 SAN LEANDRO, LLC, a California limited liability company,<br><br>    Plaintiff,<br>        v.<br><br>PRECISION CASTPARTS CORP., an Oregon corporation; PCC FLOW TECHNOLOGIES HOLDINGS, INC., a Delaware corporation; SULZER PUMPS (US), INC., a Delaware corporation, GRUNDFOS CBS, INC., a Delaware corporation, and DOES 1 through 25 inclusive,<br><br>    Defendants. | Case No. C 07 4365 EDL<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' COUNTERCLAIMS AND AFFIRMATIVE DEFENSES** |

For its reply to the counterclaims of Defendants Precision Castparts Corp. and PCC Flow Technologies Holding, Inc., Plaintiff 9201 San Leandro LLC ("Plaintiff") states as follows:

1. Plaintiff has insufficient information on which to admit or deny the allegations in Paragraph 1 of the counterclaim and on that basis denies those allegations.

**JURISDICTION AND VENUE**

2. Plaintiff admits the allegations in paragraph 2 of the counterclaims.

3. Plaintiff admits the allegations in paragraph 3 of the counterclaims.

4. Plaintiff admits the allegations in paragraph 4 of the counterclaims.

### FIRST COUNTERCLAIM

5. In answer to Paragraph 5, Plaintiff reallages and reincorporates its answers to Paragraphs 1 through 4.

6. Plaintiff admits the allegations in paragraph 6 of the counterclaims.

7. Plaintiff admits the allegations in paragraph 7 of the counterclaims.

8. Plaintiff denies the allegations in paragraph 8 of the counterclaims.

### SECOND COUNTERCLAIM

9. In answer to Paragraph 9, Plaintiff reallages and reincorporates its answers to Paragraphs 1 through 8.

10. Plaintiff admits the allegations in paragraph 10 of the counterclaims.

11. Plaintiff denies the allegations in paragraph 11 of the counterclaims.

### THIRD COUNTERCLAIM

12. In answer to Paragraph 12, Plaintiff reallages and reincorporates its answers to Paragraphs 1 through 11.

13. Plaintiff denies the allegations in paragraph 13 of the counterclaims.

14. Plaintiff denies the allegations in paragraph 14 of the counterclaims.

### FOURTH COUNTERCLAIM

15. In answer to Paragraph 15, Plaintiff reallages and reincorporates its answers to Paragraphs 1 through 14.

16. Plaintiff has insufficient information on which to admit or deny the allegations in Paragraph 16 of the counterclaim and on that basis denies those allegations.

17. Plaintiff admits the allegations in paragraph 17 of the counterclaims.

18. Plaintiff denies the allegations in paragraph 18 of the counterclaims.

19. Plaintiff denies the allegations in paragraph 19 of the counterclaims.

20. Plaintiff denies the allegations in paragraph 20 of the counterclaims.

## FIFTH COUNTERCLAIM

21. In answer to Paragraph 21, Plaintiff reallages and reincorporates its answers to Paragraphs 1 through 20.

22. Plaintiff has insufficient information on which to admit or deny the allegations in Paragraph 22 of the counterclaim and on that basis denies those allegations.

23. Plaintiff denies the allegations in paragraph 23 of the counterclaims.

24. Plaintiff denies the allegations in paragraph 24 of the counterclaims.

## AFFIRMATIVE DEFENSES

Plaintiff asserts the following affirmative defenses to Defendants' counterclaims:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

25. Defendants fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Contributory Liability)

26. Defendants are barred from relief because, by their own acts or omissions, Defendants have proximately caused the conditions alleged in the counterclaims.

### THIRD AFFIRMATIVE DEFENSE
(Estoppel and Waiver)

27. The claims set forth in the counterclaims are barred by the doctrines of estoppel and waiver.

### FOURTH AFFIRMATIVE DEFENSE
(Contributory and Comparative Fault)

28. The counterclaims against Plaintiff are barred in whole or in part by the contributory and comparative fault of the Defendants.

**FIFTH AFFIRMATIVE DEFENSE**
**(Apportionment of Liability)**

29. In the event that Plaintiff is held responsible for any of the costs and damages alleged in the counterclaims, and the affirmative relief is granted against Plaintiff, then Plaintiff's liability should be apportioned to their respective individual contributions to the alleged harm or endangerment causing the response costs to be incurred, taking into account the contribution of Defendants and all persons other than the captioned Plaintiff whose wastes or hazardous wastes otherwise contributed to the alleged harm or endangerment from a release or threatened release at the Property.

**SIXTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

30. Defendants are wholly or in part barred from recovery because of their failure to mitigate such costs.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

31. Defendants' claims are barred by the equitable doctrine of unclean hands, waiver and estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Laches)**

32. Defendants' claims are barred by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**
**(Innocent Landowner)**

33. Plaintiff is not liable because it was an innocent landowner as set forth under CERCLA. The alleged acts or omissions of which Defendants complain were acts or omissions of a third party other than an employee or agent of Plaintiff, or than one whose act or omission occurred in connection with a contractual relationship, existing directly or indirectly with Plaintiff. Plaintiff at all relevant times exercised due care with respect to the hazardous substances

concerned, taking into consideration the characteristics of such hazardous substances, in light of all relevant facts and circumstances. Plaintiff further took precautions against foreseeable acts or omissions of any such third party and the consequences that could be a foreseeable result from such acts or omissions.

**TENTH AFFIRMATIVE DEFENSE**
**(Offset)**

34. Defendants' recovery, if any, against Plaintiff must be offset by an amount reflecting an allocation of response costs, attorneys' fees, expenses, costs and other appropriate amounts to Defendants. Any recovery by Defendants must also be offset by Plaintiff's right to indemnity and contribution and by any other amounts appropriate for setoff.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Passive Liability)**

35. If Plaintiff is held liable, such liability would be passive, imputed or secondary, while persons other than the captioned Plaintiff, whether individual, corporate or otherwise, including Defendants, would be actively and primarily liable for the alleged damages.

**TWELFTH AFFIRMATIVE DEFENSE**
**(No Liability for Future Costs Under CERCLA)**

36. Defendants cannot recover from Plaintiff costs not yet incurred, if any, under 42 U.S.C. § 9607(a). Defendants' claims for relief under CERCLA must therefore be denied to the extent they include requests for future costs, if any.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Defendants Are Responsible Parties)**

37. Defendants are not entitled to the relief they seeks in the Counterclaims because they are responsible and/or otherwise liable for the acts and omissions alleged in the Counterclaims.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Defendants' Failure to Perform/Failure of Condition)**

38.     To the extent Defendants have rights under the Indemnification Agreement, Defendants, by reason of their own acts and conduct in and about the matters that are the subject of the Complaint, has failed and refused to perform various covenants and conditions legally required of it in the Indemnification Agreement and is thereby barred from seeking or securing any relief against Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Breach of Duty of Good Faith and Fair Dealing)**

39.     Defendants to the extent they have rights under the Indemnification Agreement, also have an implied duty of good faith and fair dealing.  Defendants breached their duty of good faith and fair dealing by not honoring their obligations under the Indemnification Agreement..

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(No Applicable Duty of Care)**

40.     Plaintiff owed no duty of care to Defendants.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Assumption of Risk)**

41.     Defendants or others had knowledge of the risks alleged in the Counterclaims, and if Defendants have suffered injuries or is entitled to any damages as alleged in the Counterclaims, which is expressly denied, said injuries and damages arose from and were caused by said risks knowingly and voluntarily assumed by Defendants or others.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Cause in Fact)**

42.     Defendants cannot prove any facts showing that the conduct of Plaintiff was the cause in fact of any threatened or actual damages or other harm to Defendants as alleged in the Counterclaims.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

43.     Defendants claims are barred to the extent Defendants lack standing to support their causes of action.

### TWENTIETH AFFIRMATIVE DEFENSE
### (No Basis Alleged for Attorneys' Fees)

44.     Defendants has not alleged an adequate basis for the recovery of attorneys' fees from Plaintiff and is not entitled to such recovery, nor is such recovery authorized by law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Capacity)

45.     Defendants' claims are barred to the extent Defendants lack the capacity and standing to assert the claims.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (42 U.S.C. § 9607(b))

46.     Plaintiff assert all defenses in 42 U.S.C. § 9607(b). These defenses relieve Plaintiff from liability for all causes of action under 42 U.S.C. § 9607(a) and California Health and Safety Code section 25358.3.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Defenses Under HSAA)

47.     Plaintiff relies on and asserts all of the defenses available to them under the California Hazardous Substances Account Act, California Health & Safety Code section 25300, et seq. ("HSAA").

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (All Defenses Under CERCLA)

48.     Plaintiff raise and rely on all defenses to Defendants' counterclaims available under CERCLA.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

49. Plaintiff presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Plaintiff reserves the right to assert additional affirmative defenses in the event discovery indicates that it would be appropriate.

DATED: February 26, 2008

Respectfully submitted,

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
JUSTIN L. ALLAMANO
Attorneys for Plaintiff 9201 SAN LEANDRO, LLC, a California limited liability company

301032192.1