1   JOHN F. BARG (State Bar No. 60230)
    (E-mail: jfb@bcltlaw.com)
2   MARC A. ZEPPETELLO (State Bar No. 121185)
    (E-mail: maz@bcltlaw.com)
3   BARG COFFIN LEWIS & TRAPP, LLP
    350 California Street, 22nd Floor
4   San Francisco, California 94105-1435
    Telephone:    (415) 228-5400
5   Facsimile:    (415) 228-5450

6   Attorneys for Plaintiff
    9201 SAN LEANDRO, LLC
7
    SCOTT J. KAPLAN (State Bar No. 143478)
8   (E-mail: sjkaplan@stoel.com)
    STOEL RIVES LLP
9   900 S.W. Fifth Avenue, Suite 2600
    Portland, Oregon 97204-1268
10  Telephone:    (503) 224-3380
    Facsimile:    (503) 220-2480
11
    Attorneys for Defendants
12  PRECISION CASTPARTS CORP. and
    PCC FLOW TECHNOLOGIES HOLDINGS, INC.
13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16                   SAN FRANCISCO

17

18  9201 SAN LEANDRO, LLC, a California          Case No.:  3:07-cv-04365-EDL
    limited liability company,
19
              Plaintiff,                          **JOINT CASE MANAGEMENT
20                                                CONFERENCE STATEMENT**
        v.
21
    PRECISION CASTPARTS CORP., an Oregon
22  corporation; PCC FLOW TECHNOLOGIES           Date:       September 9, 2008
    HOLDINGS, INC., a Delaware corporation; and  Time:       3:00 p.m.
23  DOES 1 THROUGH 25, inclusive,                Courtroom:  E, 15th Floor

24            Defendants.

25

26      Plaintiff 9201 San Leandro, LLP and Defendants Precision Castparts Corp. ("Precision")

27  and PCC Flow Technologies Holdings, Inc. ("PCC Flow") submit this Joint Case Management

28  Conference Statement pursuant to the Court's Order Re: Stipulated Order Continuing Pretrial

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

1  Deadlines, dated May 13, 2008, and Local Rule 16-9.

2  **Introduction:  Developments Since the Initial Case Management Conference**

3  Following the initial Case Management Conference, held on January 22, 2008, the Court

4  issued its Case Management and Pretrial Order for Jury Trial, dated January 31, 2008.  That order

5  set a further Case Management Conference for May 20, 2008.  On May 9, 2008, the parties filed

6  a stipulation to continue the pretrial and trial dates, and the Court issued a revised scheduling

7  order on May 13, 2008, referenced above, which, among other matters, continued the further

8  Case Management Conference to September 9, 2008.

9  On May 6, 2008, the parties participated in a mediation session before the Honorable

10  Richard L. Patsey (Retired) with JAMS in San Francisco.  The parties were unable to reach a

11  settlement.  At the present time, the parties are not planning to return to mediation, but they may

12  continue to discuss prospects for settlement among themselves.

13  On July 31, 2008, Plaintiff substituted John F. Barg and Barg Coffin Lewis & Trapp, LLP

14  as its counsel of record in this case.

15  **1.    Jurisdiction and Service**

16  **Plaintiff's Statement:**  This Court has exclusive jurisdiction over Plaintiff's claim under

17  the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA")

18  pursuant to 42 U.S.C. § 9613(b).  The Court has jurisdiction over Plaintiff's state law claims

19  under 28 U.S.C. § 1367.

20  In addition, the Court has diversity jurisdiction over this action under 28 U.S.C. § 1332.

21  Though the diverse citizenship of the parties is apparent on the face of the Second Amended

22  Complaint, as discussed below (in Section 4, Amendment of Pleadings), Plaintiff plans to request

23  leave to file an amended complaint to address certain issues, including adding allegations

24  demonstrating diversity jurisdiction.

25  Venue is proper in the Northern District of California.  Plaintiff has voluntarily dismissed

26  two named Defendants – Sulzer Pumps (US), Inc. and Gundfos CBS, Inc.  All other parties have

27  been served and have appeared.

28

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

2

1    **Defendants' Statement:**  Defendants do not dispute that jurisdiction exists in this Court

2    and that venue is proper.

3    **2.    Facts**

4    **Plaintiff's Statement**:  This action concerns environmental contamination at a parcel of

5    real property owned by Plaintiff and located at 9201 San Leandro Street in Oakland, California.

6    Defendants' predecessor in interest, Paco Pumps, Inc. ("Paco Pumps"), formerly owned the

7    property and reportedly conducted industrial operations there beginning in about 1945.

8    Defendant PCC Flow acquired the stock of Paco Pumps in 1994, and PCC Flow currently is a

9    wholly-owned  subsidiary of Defendant Precision.

10    In September 1995, Paco Pumps entered into an Indemnification Agreement in order to

11    induce and encourage lenders to provide loans, and the United States Small Business

12    Administration to guarantee loans, to a company known as GP Holdings, Inc. ("GP Holdings") to

13    acquire the property from Paco Pumps.  Under Paragraph III.A. of the Indemnification

14    Agreement, Paco Pumps agreed, at its sole cost and expense, to investigate, monitor, and

15    remediate all contaminants released into or on the subject property prior to the transfer of the

16    property to GP Holdings as requested or directed by any regulatory agency exercising authority

17    over such matters until such time as the agency provided written notice that no further action is

18    required.  Under Paragraph III.B., Paco Pumps further agreed to indemnify, defend, and hold

19    harmless GP Holdings, the lenders, and any of their assigns and successors in interest, which may

20    take title to the property, from and against any liabilities, damages, fees, penalties or losses

21    arising out of any demand, claim, or suit by any agency or any other party relating to any

22    contaminants released into or on the property prior to the transfer of the property to GP Holdings.

23    In April 2000, GP Holding sold the property to Plaintiff.  Thus, Plaintiff is the successor

24    in interest to GP Holdings under the Indemnification Agreement.

25    Beginning in about 1991, or perhaps earlier, and continuing until about December 2000,

26    Paco Pumps and later Defendant PCC Flow conducted limited environmental investigation,

27    monitoring, and remediation activities in connection with the contamination at the property under

28    the oversight of the Alameda County Department of Environmental Health ("Alameda

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

3

1  County"). PCC Flow ceased performing such activities at the property in about 2001, even though

2  Alameda County had not provided written notice that no further action is required.

3      Defendants' state below that, in 2001, PCC Flow obtained Alameda County's agreement to

4  close the site subject only to a deed restriction. However, the Alameda County staff worker

5  assigned to the site at that time indicated that she would recommend a deed restriction to her new

6  supervisor; there is no evidence that her supervisor concurred with this recommendation or that,

7  even with a deed restriction, the agency would have closed the site without requiring additional

8  remediation activities.

9      On August 21, 2007, Alameda County sent a letter addressed jointly to (1) Paco Pumps, (2)

10  GP Holdings, and (3) Plaintiff stating that significant contamination remains at the property and

11  requesting preparation and submission of a work plan responding to specific technical comments.

12  Prior to issuance of Alameda County's August 21 letter, Plaintiff independently notified or

13  attempted to notify Paco Pumps, PCC Flow, Precision, and related companies of the outstanding

14  environmental issues at the property and requested that the responsible parties perform their

15  obligations under the Indemnification Agreement. Plaintiff filed this action, and retained an

16  environmental consultant to prepare, submit, and implement the work plan required by Alameda

17  County, only after Defendants failed to respond to repeated efforts to have them comply with their

18  Indemnification Agreement obligations.

19      **Defendants' Statement:** In 1994, PCC Flow acquired Paco Pumps, a company that had

20  purchased the warehouse property in Oakland at issue in this case (the "Property") in the late

21  1980s. Paco Pumps sold the Property to Plaintiff's alleged predecessor in 1995. By that time, it

22  was understood that there had been releases from petroleum-product storage tanks at the Property

23  under the watch of prior owners. Consequently, the parties negotiated the Indemnification

24  Agreement that required Paco Pumps, which later merged into PCC Flow, to perform the

25  investigation and remediation necessary "until such time as the Agency exercising authority over

26  the investigation, remediation and/or monitoring at the Property approves such action and provides

27  written notice that no further action will be required." (Indemnification Agreement § III.A(3).)

28  Section III.E(3) of the Indemnification Agreement also in relevant part required Plaintiff—

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

1  assuming that Plaintiff has any rights under the agreement to provide Paco Pumps prompt notice of

2  any environmental demand.

3      Plaintiff entirely failed to comply with this requirement. Instead, the first notice PCC Flow

4  had of any recent demand by environmental regulators was when Plaintiff's lawsuit was served.

5  The lawsuit was a surprise, because in 2001, PCC Flow, after spending approximately $100,000 on

6  site investigation and cleanup, obtained the agreement of Alameda County, the relevant regulator,

7  to close the site with no further remediation required and subject only to a residential deed

8  restriction. That is, in the words of section III.A(3) of the Agreement, Alameda County notified

9  the parties that "no further action will be required." PCC Flow had even forwarded to Plaintiff a

10  form of the deed restriction to be recorded. PCC Flow attempted from August 2001 through

11  March 2002 to obtain action from Plaintiff, but nothing was done. On March 1, 2002, the

12  Alameda County regulator reminded PCC Flow, "When I approve of the draft deed restriction, I'll

13  close the case." In April 2002, PCC Flow again communicated to Plaintiff that once the deed

14  restriction was recorded, the site would be closed and even offered to try to obtain movement from

15  Plaintiff, to pay the reasonable expense of legal and environmental consulting assistance to help

16  complete, file and record the deed restriction. Plaintiff neither moved forward nor communicated

17  any objection to the deed restriction. Instead, it did nothing.

18      After April 2002, when it had done everything necessary to close the site, PCC Flow

19  considered its obligation under the Agreement satisfied. PCC Flow then heard nothing about the

20  Property for *years*, until it was served with this lawsuit in 2007. This was not only a breach of the

21  Agreement's notice provisions, but it is clear that had Plaintiff agreed to institutional controls in

22  2001, the site would have been considered closed by Alameda County and no further work would

23  have been required. Moreover, because cleanup levels have been tightened since 2001, the closure

24  likely will cost more.

25      Defendant Precision is not a party to the Indemnification Agreement. Plaintiff has never

26  provided a coherent explanation about why it has been made a defendant.

27  **3.    Legal Issues**

28  **Plaintiff's Statement:** Whether Defendants are contractually obligated under the

5

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. 3:07-cv-04365-EDL

541076.1

1  Indemnification Agreement to investigate, monitor, and remediate the environmental

2  contamination at the Property until such time as Alameda County issues a no further action letter.

3      Whether Defendants are contractually obligated by the Indemnification Agreement to

4  indemnify Plaintiff for all costs and expenses incurred and to be incurred by Plaintiff in

5  performing investigation, monitoring, and remediation activities at the property as directed by

6  Alameda County.

7      The nature and amount of Plaintiff's damages caused and to be caused by Defendants'

8  knowing and intentional failure and refusal to clean up contamination for which they are

9  responsible, and failure to live up to their contractual indemnity obligations.

10  **Defendants' Statement:**

11      A.    Whether Plaintiff is entitled to enforce the indemnity agreement;

12      B.    Whether or not the statute of limitations has run on the nuisance and trespass

13  claims; *i.e.*, whether the nuisance and trespass is continuing or permanent;

14      C.    Whether Plaintiff's CERLCA and HSAA are barred by the statute of limitations;

15      D.    Whether Defendant Precision, PCC Flow's indirect parent company, is a proper

16  party to the case;

17      E.    Whether the contamination at issue constitutes a nuisance or trespass;

18      F.    Whether a successor to a former property owner can be held liable for a trespass

19  that occurred during its ownership;

20      G.    Whether PCC Flow has satisfied its indemnity obligation given that the regulator

21  was prepared to close the site no later than 2002;

22      H    Whether Plaintiff's indemnity claim is barred by the statute of indemnifications,

23  laches or waiver given Plaintiff's inaction between 2002 and 2007;

24      I.    Whether Plaintiff has prevented PCC Flow's performance of the indemnity;

25      J.    Should Defendants have any liability (which they deny), the equitable allocation of

26  cleanup costs and the increase in costs from 2002 to the present;

27      K.    Should Defendants have any liability under the Agreement (which they deny),

28  whether the indemnity requires them to clean up historically industrial property sufficiently for

BARG COFFIN LEWIS & TRAPP

1   Plaintiff to seek a change in zoning and use the property for residential purposes, or rather whether

2   Plaintiff is responsible for these additional costs;

3       L.      Whether because Plaintiff caused the relevant regulator, after the regulator was

4   willing to close the site, to require additional investigation, Plaintiff is liable for all resulting

5   investigation and remediation costs.

6   **4.    Motions**

7       In November 2007, Defendants filed a motion to dismiss Plaintiff's CERCLA, California

8   Hazardous Substances Account Act, and trespass claims.  On January 11, 2008, the Court issued

9   an order granting in part and denying in part Defendants' motion, with leave to amend.  On

10  January 23, 2008, Plaintiff filed a corrected Second Amended Complaint.

11      Plaintiff intends to file a motion for summary judgment that Defendants are contractually

12  bound to comply with their obligations under the Indemnification Agreement.

13      Plaintiff may file a motion for injunctive relief seeking an order requiring Defendants to

14  conduct investigation, monitoring, and remediation activities at the Property until such time as

15  Alameda County issues a no further action letter.  Defendants would oppose any such motion on

16  numerous grounds.

17      Defendants intend to file motions for summary judgment, including but not limited to on

18  the basis that they have completed any work required by the Agreement and consequently

19  Plaintiff has no right to indemnity and that Plaintiff's claims are untimely.  Should Plaintiff

20  amend to add a Resource Conservation and Recovery Act ("RCRA") claim, Defendants may

21  move to dismiss such claim on the ground that it is untimely and Plaintiff's long delay

22  demonstrates incontrovertibly that there is no imminent and substantial endangerment.

23  **5.    Amendment of Pleadings**

24      **Plaintiff's Statement:**  Plaintiff plans to request leave within approximately 30 days to

25  file an amended complaint.  The amended pleading would not add any new causes of action.  The

26  amended complaint would add factual allegations:  (1) regarding Paco Pump's operations on the

27  Property, the resulting contamination, and Paco Pump's and PCC Flow's limited investigation,

28  monitoring and remediation activities and failure to continue those activities as required by

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

7

1    Alameda County; (2) demonstrating diversity jurisdiction; and (3) regarding Defendants'

2    knowing and willful failure or refusal to investigate, monitor, and remediate the contamination as

3    required by Alameda County and associated requests for punitive damages in connection with

4    such intentional conduct. Plaintiff proposes to seek leave by no later than September 30, 2008, to

5    file its amended complaint.

6         On August 14, 2008, Plaintiff provided a "RCRA citizen suit notice" to the United States

7    Environmental Protection Agency ("EPA"), the State of California, and Defendants, pursuant to

8    42 U.S.C. §§ 6972(b)(1)(A) and 6972(b)(2)(A), of: (1) Defendants' violations of standards,

9    regulations, or requirements which have become effective pursuant to the RCRA at the Property;

10   and (2) Defendants' past or present handling, storage, treatment, or disposal of solid and/or

11   hazardous waste at the Property which may present an imminent and substantial endangerment to

12   health or the environment. If EPA, the State, and the Defendants fail to take necessary and

13   appropriate action: (1) within 60 days with respect to the violations of the RCRA regulations

14   which are the subject of the notice; and (2) within 90 days with respect to the imminent and

15   substantial endangerment which is the subject of the notice, Plaintiff intends to bring RCRA

16   claims against Defendants pursuant to 42 U.S.C. §§ 6972(a)(1)(A) and 6972(a)(1)(B).

17        Depending on whether the EPA, the State, or Defendants take necessary and appropriate

18   action in response to the RCRA citizen suit notice within the mandatory pre-suit notice periods,

19   this is to advise the Court and Defendants that Plaintiff may seek leave in about 90 days, or by

20   December 1, 2008, to file an amended complaint to add RCRA claims against Defendants.

21   Alternatively, Plaintiffs could file a new action asserting the RCRA claims and request that the

22   RCRA action be consolidated with the instant action as a related case.

23        **Defendants' Statement:** Defendants do not believe Plaintiff's proposed RCRA

24   amendment would be timely or have any legal merit. Defendants note that Plaintiff proposes to

25   seek leave to amend within 30 days of the current fact discovery cutoff. Should the Court allow

26   Plaintiff's RCRA claim to proceed, Defendants anticipate filing RCRA counterclaims seeking an

27   order requiring Plaintiff to take action regarding the alleged imminent and substantial

28   endangerment of its property.

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

8

6.      **Evidence Preservation**

The parties do not anticipate that particular steps will need to be taken to preserve evidence. The relevant documents are primarily historical reports and correspondence in the possession of the parties regarding Paco Pump's operations on the Property, the environmental contamination, and past and ongoing investigation, monitoring, and remediation activities.

7.      **Disclosures**

Plaintiff served its Initial Disclosure pleading on March 3, 2008, and Defendants served their Initial Disclosure pleading on May 1, 2008, but neither side disclosed relevant documents with its pleading. The parties recently agreed to produce initial disclosure documents on August 29, 2008.

8.      **Discovery**

The parties contemplate the following discovery: No more than three Rule 30(b)(6) corporate depositions; no more than eight individual or non-party depositions each; no more than 35 Requests for Production of Documents each, and no more than 25 Requests for Admission each. The parties do not propose any limitations or modifications to the discovery rules.

9.      **Class Action**

Not applicable.

10.     **Relief**

**Plaintiff's Statement:** Plaintiff seeks: (1) a determination of its rights and Defendants' obligations under the Indemnification Agreement; (2) all damages incurred and to be incurred by Plaintiff as a result of the contamination and Defendants' failure or refusal to comply with its Indemnification Agreement obligations including, but not limited to, all costs incurred by Plaintiff to investigate, monitor, and remediate the contamination, punitive damages, and attorneys' and expert fees; and (3) injunctive relief requiring Defendants to conduct investigation, monitoring, and remediation activities at the property until such time as Alameda County issues a no further action letter.

**Defendants' Statement:** Defendants seek contribution from Plaintiff and a declaration that they have satisfied their obligations under the Indemnification Agreement.

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

1    **11.    Settlement and ADR**

2    The parties stipulated to mediation pursuant to Local ADR Rule 6 and engaged in a

3    mediation session before the Honorable Richard L. Patsey (Retired) on May 6, 2008.

4    **12.    Consent to Magistrate Judge**

5    The parties have consented to Magistrate Judge Laporte for all purposes.

6    **13.    Other References**

7    None.

8    **14.    Narrowing of Issues**

9    The parties suggest that the issues for determination at trial will be narrowed by their

10   planned motions for summary judgment.

11   **15.    Expedited Schedule**

12   The Court has previously established pretrial and trial dates, as discussed below.  The

13   parties agree that this is not the type of case that can be handled on an expedited basis with

14   streamlined procedures.

15   **16.    Scheduling**

16   The following dates are established by the Case Management and Pretrial Order for Jury

17   Trial, dated January 31, 2008, as modified by the Order Re:  Stipulated Order Continuing Pretrial

18   Deadline, dated May 13, 2008:

19   Completion of non-expert discovery:  December 31, 2008;

20   Expert reports due:  July 31, 2008;

21   Rebuttal expert reports due:  August 31, 2008;

22   Completion of expert discovery:  October 31, 2008;

23   Last day to file dispositive motions:  March 17, 2009;

24   Pretrial conference:  June 30, 2009;

25   Trial:  July 20, 2009.

26   The parties' May 8, 2008 stipulation to continue the pretrial and trial dates, which resulted

27   in the Court's May 13 order modifying certain dates, extended the non-expert discovery cutoff

28   but inadvertently failed to propose modified dates for expert discovery.  As a result, under the

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

10

1   current schedule, the deadline for expert disclosure has passed and expert discovery would have

2   to be complete two months before non-expert discovery.

3       **Plaintiff's Proposal:**

4       Plaintiff proposes the following modified dates for expert discovery only:

5       Expert reports due:  January 16, 2009;

6       Rebuttal expert reports due:  February 6, 2009;

7       Completion of expert discovery:  February 27, 2009.

8       Plaintiff opposes Defendants' proposal, below, to continue the non-expert discovery

9   cutoff by five months and the trial date by about seven months on the grounds that Plaintiff may

10  seek to add RCRA claims in December 2008 and that Defendants' counsel currently has another

11  trial scheduled to begin over five months before the trial date set in this case.  Defendants have

12  been on notice of the potential RCRA claims since mid-August 2008, much of the factual

13  evidence supporting those potential claims is already available to the parties in numerous

14  technical reports previously submitted to Alameda County, and the discovery to be conducted by

15  Plaintiff on its breach of contract, continuing nuisance, and continuing trespass claims will also

16  be relevant to the potential RCRA claims.  Thus, the possible addition of RCRA claims will not

17  substantially broaden the scope of discovery or trial.  Plaintiff does not agree that an extension of

18  pretrial and trial dates is warranted by the parties' unsuccessful efforts to mediate or by Plaintiff's

19  recent retention of new counsel.

20      **Defendants' Proposal:**

21      Given that there has been no discovery to date (other than initial disclosures) and that

22  Plaintiff plans to amend to inject new issues into the case by moving to amend in December

23  2008, neither the current discovery schedule nor Plaintiff's proposal is realistic.  Additionally,

24  defendants' counsel has a three-week complex construction-delay case set for trial beginning

25  February 10, 2009, *J. H. Kelly, LLC v. Hospital Building & Equipment Company, et al.*, Douglas

26  County (Oregon) Circuit Court Case No. 08CV0066CC (lead case).  Additionally, the parties are

27  essentially starting anew on the failure of the mediation, a delay of many months during which

28  the case was inactive, and Plaintiff's retaining new counsel.  Consequently, Defendants propose

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

11

1  the following schedule:

2      Completion of non-expert discovery:  May 29, 2009;

3      Expert reports due:  June 30, 2009;

4      Rebuttal expert reports due:  July 31, 2009;

5      Completion of expert discovery:  August 31, 2009;

6      Last day to file dispositive motions:  October 30, 2009;

7      Pretrial conference:  January 2010;

8      Trial:  February 2010.

9      **17.    Trial**

10     Jury trial requested.  Estimated 5-day trial.

11     **18.    Disclosure of Non-Party Interested Entities or Persons**

12     Pursuant to Local Rule 3-16, the parties have certified that there are no interested parties

13  other than Plaintiff 9201 San Leandro, LLC and Defendants PCC Flow and Precision.

14     **19.    Other Matters**

15     None.

16  DATED:      August 26, 2008

17                                   BARG COFFIN LEWIS & TRAPP, LLP

18                       By:      /S/ Marc A. Zeppetello
                                   MARC A. ZEPPETELLO
19                                 Attorneys for Plaintiff
                                   9201 SAN LEANDRO, LLC
20

21

22  DATED:      August 26, 2008
                                   STOEL RIVES, LLP
23

24                       By:      /S/ Scott J. Kaplan
                                   SCOTT J. KAPLAN
25                                 Attorneys for Defendants
                                   PRECISION CASTPARTS CORP. and
26                                 PCC FLOW TECHNOLOGIES HOLDINGS, INC.

27

28
                                                                            12

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

1

## CASE MANAGEMENT ORDER

2    The Court finds that each party was represented at the Case Management Conference by

3    lead trial counsel and was given an opportunity to be heard as to all matters concerning case

4    management and scheduling.  The Court hereby amends the Case Management and Pretrial Order

5    for Jury Trial, as previously amended, to establish the following pretrial and trial dates:

6

7    Last day to file a stipulation or motion requesting leave to file an amended complaint:
     September 30, 2008;

8    Completion of non-expert discovery:  December 31, 2008;

9    Expert reports due:  January 16, 2009;

10    Rebuttal expert reports due:  February 6, 2009;

11    Completion of expert discovery:  February 27, 2009;

12    Last day to file dispositive motions:  March 27, 2009;

13    Pretrial Conference:  June 30, 2009;

14    Trial:  July 20, 2009.

15

16    **IT IS SO ORDERED:**

17    September ___, 2008

18

19    _____

20    Magistrate Judge Elizabeth D. Laporte

21

22

23

24

25

26

27

28

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP

13

1

2

## ATTESTATION REGARDING SIGNATURES

3

4          In accordance with General Order 45, I hereby attest that concurrence in the filing of this

document has been obtained for each of the other signatories.

5

6

7                                                    BARG COFFIN LEWIS & TRAPP, LLP

8

9     Dated:   August 26, 2008                       By:   _____/S/ Marc A. Zeppetello_____
                                                            MARC A. ZEPPETELLO

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARG
COFFIN
LEWIS &
TRAPP
ATTORNEYS
LLP